J-S52025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR METTS, | |
| Appellant | No. 3011 EDA 2013 |

Appeal from the PCRA Order entered September 27, 2013,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0007220-2008

BEFORE:  GANTMAN, P.J., ALLEN and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 26, 2014**

Lamar Metts ("Appellant") appeals *pro se* from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

On March 25, 2009, Appellant was found guilty of two firearm violations.  On May 18, 2009, the trial court sentenced Appellant to an aggregate term of six to twelve years of imprisonment, as well as a consecutive probationary term.  Although Appellant's right to file a direct appeal was reinstated *nunc pro tunc*, Appellant later discontinued his appeal.

On March 18, 2011, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel, and on April 13, 2013, PCRA counsel filed an amended petition.  The Commonwealth filed a response, after which the

---

*Former Justice specially assigned to the Superior Court.

PCRA court issued Pa.R.A.P. 907 notice of its intent to dismiss Appellant's amended PCRA petition without a hearing. On August 30, 2013, PCRA counsel filed a response. By order entered September 27, 2013, the PCRA court denied Appellant's amended petition. This timely appeal followed.[1] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> I) WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE OF THE UNLAWFUL TERRY INVESTIGATIVE DETENTION AND ILLEGAL SEIZURE OF APPELLANT ABSENT PROBABLE CAUSE AND REASONABLE SUSPICION IN VIOLATION OF [APPELLANT'S] RIGHTS UNDER ARTICLE I SECTION 8 OF THE PENNSYLVANIA CONSTITUTION AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

Appellant's Brief at 7.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164,

_____

[1] On February 20, 2014, the PCRA court conducted a *Grazier* hearing and entered an order permitting PCRA counsel to withdraw and allowing Appellant to proceed *pro se*. *See generally*, *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Johnson*, 966 A.2d at 532. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant claims that trial counsel was ineffective for failing to file a suppression motion on Appellant's behalf. According to Appellant, the gun introduced against him at trial was obtained illegally, because Appellant "was subjected to an unlawful investigative detention and illegal seizure [premised] on nothing more than an anonymous call giving a vague description and location, without any predictive information about [Appellant's] behavior or independent verification of criminality by the police." Appellant's Brief at 10.

"When, as in this case, an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." ***Commonwealth v. Carelli***, 546 A.2d 1185, 1189 (Pa. Super. 1988) (citations omitted). The PCRA court found no merit to Appellant's suppression claim, explaining:

The Superior Court should affirm the denial of the PCRA petition because there is no merit to the allegations of ineffectiveness contained therein. The events in question do not constitute a *Terry* search or seizure. Furthermore, [Appellant] abandoned or relinquished the gun when he saw the officers.

The trial testimony indicates that the police officers received an anonymous telephone call that five men with guns were walking in the direction of Ming's Deli in Chester, PA. As they entered the deli, [Appellant] took out a gun and dropped it to the ground. Another one of the men did likewise. The officers then secured

the area, arrested [Appellant] and the others, and charged [Appellant] with various counts of unlawful possession of a firearm.

PCRA Court Opinion, 4/14/14, at 5.

Our review of the record supports the PCRA court's conclusion that, since Appellant was not seized, a suppression motion would have been meritless. Thus, trial counsel cannot be deemed ineffective for failing to file a suppression motion. *Loner*, *supra*. There is no support in the record for Appellant's claim within his amended PCRA petition that the officers "block[ed] the exit path and rushed into the store with guns drawn." *See* Trial Court Opinion, 4/14/14, at 5. Our review indicates that neither the police officers nor Appellant testified to these facts. Rather, the record reveals that as soon as the police officers entered the store, they saw Appellant release a gun from his hand to the floor. N.T., 3/24/09, at 15.[2]

_____

[2] Appellant also refers to the PCRA court opinion which states: "the police entered the deli with guns drawn". PCRA Court Opinion, 4/14/14, at 6. Once again, there is no record support for this conclusion.
*(Footnote Continued Next Page)*

- 5 -

In sum, because a suppression motion would have been meritless, Appellant's trial counsel was not ineffective. We therefore agree with the PCRA court that Appellant's amended PCRA petition lacked merit, and conclude that the PCRA court did not err in dismissing the petition without a hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014

_(Footnote Continued)_ _____