J-S51040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUAN PABLO VAZQUEZ, | : | |
| | : | |
| Appellee | : | No. 678 MDA 2014 |

Appeal from the PCRA Order entered on March 4, 2014
in the Court of Common Pleas of Susquehanna County,
Criminal Division, No. CP-58-CR-0000323-2010

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 28, 2014**

Juan Pablo Vazquez ("Vazquez") appeals, *pro se*, from the Order dismissing his Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following a traffic stop, Vazquez consented to the search of his vehicle, whereupon police discovered drugs and drug paraphernalia.  After a bench trial in 2011, Vazquez was convicted of possession with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[1]  He was sentenced to 7 to 10 years in prison.  This Court affirmed Vazquez's judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal.  ***See Commonwealth v.***

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16) and (a)(32).

***Vazquez***, 47 A.3d 1259 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 56 A.3d 397 (Pa. 2012).

On March 6, 2013, Vazquez filed the instant PCRA Petition, claiming violations of the Pennsylvania and United States Constitutions, ineffective assistance of counsel, and improper obstruction by government officials of his right to appeal. The PCRA court appointed Vazquez counsel. Counsel subsequently filed a Petition to Withdraw pursuant to ***Turner***/***Finley***.[2] The PCRA court granted counsel's Petition to Withdraw. See PCRA Court Opinion, 1/27/14, at 17. The PCRA court issued a Notice of Intent to Dismiss on January 27, 2014. The PCRA court dismissed Vazquez's Petition without holding a hearing. Vazquez filed a timely Notice of Appeal.

On appeal, Vazquez raises the following questions for our review:

I. Was [the] subsequent search of [Vazquez's] automobile in derogation of law?

II. Under the circumstances of this case, did the police follow seizure [law] by permissible release of [Vazquez's] vehicle (itself evidence of crime) by conflicting *dictum*?

III. [Did] the police seize evidence (cocaine) in search of [Vazquez's] automobile, [assuming] valid consent, from [the] exchange between [Vazquez] and officers, arise legerdemain that violate(s) [Article One, Section Eight] of the [Pennsylvania] Constitution (Declaration of Rights) and [Vazquez's] Fourth (4th) Amendment right under the United States Constitution?

Brief for Appellant at 3.

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by the evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We will address Vazquez's claims together. In his first claim, Vazquez argues that the arresting officers lacked the reasonable suspicion necessary to conduct a traffic stop. Brief for Appellant at 7-8. In his second claim, Vazquez argues that the subsequent search of his vehicle was illegal. *Id.* at 9-10. In his third claim, Vazquez argues that his consent to a vehicle search was invalid because he felt that he was not free to leave. *Id.* at 12-13.

Under the PCRA, a "petitioner must plead and prove by a preponderance of the evidence…[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3); *see also Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (stating that a petitioner must show that the issues he raises have not been previously litigated or waived). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]"42 Pa.C.S.A. § 9544(a)(2).

The PCRA court addressed Vazquez's claims as follows:

In his direct appeal to the Superior Court of Pennsylvania, [Vazquez] raised issues concerning illegal search and seizure[,] and whether [the trial court] erred and/or committed an abuse of discretion when [it] allegedly failed to suppress all evidence and/or statements obtained therefrom….

After careful review of [Vazquez's] appeal, the [Superior] Court affirmed the judgment of sentence. After stating that the initial stop of [Vazquez's] vehicle was lawful, the [Superior] Court determined that the investigative detention of [Vazquez] ceased when [the Trooper] advised him he was free to leave, making any subsequent interaction between the two [] individuals a mere encounter or request for information, which need not be supported by any level of suspicion. The [Superior] Court ultimately concluded that, based on the totality of the circumstances, … the evidence of record supports the trial court's conclusion that [Vazquez] was not subjected to a second seizure at the time he gave his consent to search the vehicle, and rather, a reasonable person in his position would have felt free to leave. As such the [Superior] Court found that the trial court did not commit error in denying [Vazquez's] Motion to Suppress.

In the instant matter, [Vazquez] timely filed a direct appeal with [the] Superior Court on May 16, 2011. The issues raised on said appeal are repeated in his [Petition.] … An adverse ruling was filed on March 29, 2012[,] by [the] Superior Court and a subsequent, timely filed Petition for Allowance of Appeal was denied by [the] Supreme Court [of Pennsylvania] on November 8, 2012.

It is abundantly clear that the highest appellate court in which [Vazquez] could have had review as a matter of right has already ruled on the merits of these particular issues. Based on this, these particular issues are statutorily precluded and [Vazquez] is not entitled to relief concerning said issues.

PCRA Court Opinion, 1/27/14, at 6-8 (citations, footnotes, and quotation marks omitted).

Because we agree with the PCRA court's determination that Vazquez's allegations of error have been previously litigated, we cannot address the

merits of his claims.[3]  Accordingly, the PCRA court did not err in dismissing

Vazquez's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014

---

[3] We also note that even if Vazquez's claims were not previously litigated, the claims are not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2).