J-S46010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL CHAVIOUS, | : | |
| | : | |
| Appellee | : | No. 2063 MDA 2013 |

Appeal from the Order Entered October 23, 2013,
In the Court of Common Pleas of Dauphin County,
Criminal Division, at No. CP-22-CR-0002415-2009.

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 29, 2014**

The Commonwealth appeals from the order granting Daniel Chavious, ("Appellee"), relief pursuant to the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. For the reasons that follow, we vacate and remand.

The PCRA court summarized the factual and procedural history of this case as follows:

> Following a trial held December 14-16, 2009, a jury found [Appellee] guilty of three counts of unlawful delivery of a controlled substance. These convictions arose from [Appellee's] alleged sale of crack cocaine on two occasions to a confidential informant and on a third occasion to an undercover officer. Following trial, I sentenced [Appellee] to an aggregate term of 66 to 240 months confinement. [Appellee] filed a timely appeal to the superior court arguing that this court erred by failing to give a missing witness instruction and also that the evidence was insufficient. The superior court denied [Appellee's] appeal and

his request for discretionary review before the supreme court was subsequently denied. Commonwealth v. Chavious, No. 158 MDA 2010 (Pa. Super. Feb. 2, 2011 (mem.); *petition for allowance of appeal denied*, No. 138 MAL 2011 (Pa. July 12, 2011).

* * *

[Appellee] filed a timely pro se PCRA petition on May 15, 2012. His attorney Jennifer Tobias later filed a motion to withdraw which I denied on the basis that counsel had not reviewed all of the claims asserted in the pro se petition. I directed that she fully address them in a supplemental filing. In response, Ms. Tobias filed a PCRA petition April 3, 2013 seeking an evidentiary hearing for the purpose of determining whether [Appellee's] trial attorney was ineffective for having failed to obtain phone records, which would have presumably and definitively revealed that the phone number which [Appellee] allegedly used to contact the confidential informant and Detective Dickerson had not been activated until a month after the alleged drug deals. [Appellee] claimed that the evidence supporting his convictions was completely fabricated and these phone records would so prove. [Appellee's] trial counsel also sought an evidentiary hearing in order to determine whether [Appellee's] other broadly stated claims (discussed below) had any merit. PCRA counsel had not sought to obtain the phone or the phone records. Therefore, following the evidentiary hearing, I issued an order, August 2, 2103, directing that the record be held open for thirty days during which [Appellee's] attorney would make all reasonable efforts to obtain any and all phone records necessary to fully pursue [Appellee's] PCRA claim alleging ineffective assistance of trial counsel for failure to obtain said records. I directed as well that the Commonwealth "provide [Appellee's] attorney with all relevant evidence available to it of [sic] phone numbers and/or records relevant to the three drug transactions at issue." I also directed the parties to submit briefs on the phone record issue.[1]

---

[1] The PCRA court's order provided as follows:

AND NOW, this 2nd day of August, 2013, following an evidentiary hearing, this Court directs that the record be held

\* \* \*

[Appellee's] attorney, in her brief, stated that after the PCRA hearing, and pursuant to my order, she reviewed Detective Dickerson's undercover officer worksheets, which showed he recorded in his paperwork that the phone number allegedly used by [Appellee] during the drug buys was 717-370-8630. These worksheets had been identified as Commonwealth Exhibits (#1-#3) for trial, though they were not admitted. [Appellee's] attorney further noted that she contacted the cell phone provider, Boost Mobile, but was informed that it stores records for only eighteen months and thus no longer had access to them; however, it would have had the records from the alleged drug transaction calls, made in February 2009, at the time of trial, held in December 2009.

Because [Appellee's] attorney was unable to obtain Boost's Mobile's records, she requested from the lead detective in the case, Detective David Lau, that he provide her with [Appellee's] phone so she could attempt to obtain records of all phone calls made to and from the phone (as well as its period of activation), which are recorded on a chip in the phone. Police had confiscated [Appellee's] phone at the time of his arrest. Incredibly, counsel was informed that the phone had been destroyed just one week prior to her request. The

open for thirty (30) days during which [Appellee's] PCRA attorney is directed to make all reasonable efforts to obtain any and all phone records necessary to fully pursue [Appellee's] PCRA claim alleging ineffective assistance of trial counsel for failure to obtain said records. The Commonwealth is further directed to provide [Appellee's] attorney with all relevant evidence available to it of phone numbers and/or records relevant to the three drug transactions at issue. This court further directs that [Appellee's] counsel file a brief in support (limited to the phone record issue) on or before, September 6, 2013. The Commonwealth's responsive brief is due on or before September 16, 2013.

Order, 8/2/13, at 1.

-3-

Commonwealth has not disputed that the phone was destroyed in the manner represented by Attorney Tobias.[6]

> [6] In its brief, the Commonwealth failed to address Attorney Tobias' claim that the police had destroyed the phone. My staff thereafter contacted the attorney who represented the Commonwealth at the PCRA hearing by email and requested if he could confirm that the phone had been destroyed as indicated by Ms. Tobias. The email response provided by the Commonwealth attorney was that he could not confirm or deny Ms. Tobias' representation.
>
> The destruction of the phone could be considered [to] be in direct violation of my August 2, 2013 Order, by which I directed that the Commonwealth "provide [Appellee's] attorney with all relevant evidence available to it of phone numbers and/or records relevant to the three drug transactions at issue." The issue of whether the Commonwealth acted in contempt of my order has been assigned to President Judge Todd Hoover for resolution. Furthermore, even absent court order, the fact that [Appellee] had a pending request for PCRA relief, including a request for a new trial, was easily discoverable to those within the criminal justice system and should have precluded such destruction. The principle that any relevant evidence should not be destroyed in a pending case is beyond obvious.

PCRA Court Opinion, 10/23/13, at 1-6 (internal citations and some internal footnotes omitted).

The PCRA court then granted Appellee's PCRA petition, providing the following reasoning:

> Inasmuch as the Commonwealth is responsible for depriving [Appellee] of the only means to prove his claim, and given the applicable inference that the fact finder can consider that the

destroyed evidence would have been unfavorable to the Commonwealth, I grant his request for a new trial and vacate his judgment of sentence.

PCRA Court Opinion, 10/23/13 at 1. The Commonwealth timely appealed. Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

In its brief, the Commonwealth presents the following issues for our review:

A. Whether the trial court erred in finding Appellee received ineffective assistance of counsel since he failed to show his underlying claim has any arguable merit, and/or that there was a reasonable probability that, but for the alleged error of counsel, the outcome of the trial would have been different.

B. Whether the trial court erred in failing to conduct an evidentiary hearing concerning the destruction of Appellee's cell phone?

Commonwealth's Brief at 4.

Our standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error. ***Commonwealth v. Lesko***, 15 A.3d 345, 358 (Pa. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa. Super. 2001)).

For reasons that follow, we shall address the Commonwealth's second issue first. The Commonwealth acknowledges that a PCRA court need not

conduct a hearing on all issues related to counsel's ineffectiveness and that a court's decision not to hold a hearing will be reversed only where the trial court abused its discretion. Commonwealth's Brief at 31. The Commonwealth maintains that in this situation, however, an evidentiary hearing was necessary because the merits of the issue could not be adequately reviewed based upon the record. *Id.* The Commonwealth contends that following submission of the briefs, the PCRA court made no further inquiry concerning PCRA counsel's averment concerning the destruction of Appellee's cell phone. *Id.* The Commonwealth asserts that the PCRA court erred in failing to conduct an evidentiary hearing concerning the destruction of Appellee's cell phone and whether there was a satisfactory explanation for the destruction of Appellee's cell phone. *Id.* at 32.

There is no right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Rule 907(2) of the rules of criminal procedure provides:

> (2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

Pa.R.Crim.P. 907(2). On review, we examine the issues raised in the petition in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact. *Jordan*, 772 A.2d at 1014.

In this case, as noted, the Commonwealth has asserted that a hearing was necessary to probe the circumstances surrounding the alleged destruction of the mobile phone prior to granting Appellee's petition. We agree. Our review of the record reveals that there was a genuine issue concerning the circumstances surrounding the alleged destruction of the mobile phone. As outlined previously, the PCRA court stated that it granted Appellee's PCRA petition on the basis that, by destroying the cell phone, the "Commonwealth is responsible for depriving [Appellee] of the only means to prove his claim, and given the applicable inference that the fact finder can consider that the destroyed evidence would have been unfavorable to the Commonwealth." PCRA Court Opinion, 10/23/13, at 1. We are constrained to conclude that the PCRA court made this decision without adequate inquiry into the circumstances surrounding the asserted destruction of the cell phone.

As noted in the PCRA court's opinion, after being advised by Appellee's counsel that the police had told her that the phone had been destroyed, the PCRA court contacted the Commonwealth's attorney, *via* email, inquiring as to whether he could confirm Appellee counsel's representations. Trial Court Opinion, 10/23/13, at 6 n. 6. The Commonwealth's attorney responded, again *via* email, that he could not confirm or deny this claim. ***Id.*** Thus, on the basis of Appellee counsel's representation and the Commonwealth

attorney's inability to confirm or deny the representation, and without further on the record inquiry, the PCRA court granted Appellee's PCRA petition.

The PCRA court's grant of Appellee's petition on these grounds, without conducting a hearing as to the circumstances surrounding the alleged destruction of the cell phone, was reversible error. The Commonwealth should have been afforded the opportunity to investigate the matter and present any information relevant to the circumstances surrounding the confiscated phone, phone records and the assertion that it had been recently destroyed.

Because we simply cannot agree with the PCRA court's resolution of this issue on the existing record, we are remanding this matter for an evidentiary hearing regarding the circumstances surrounding the destruction of the cell phone and the existence of any relevant phone records. Upon remand, both parties shall be given the opportunity to establish their respective positions at the hearing. Thus, we vacate the order of the PCRA court and remand this matter to the PCRA court for further proceedings consistent with this memorandum.[2]

Order vacated. Matter remanded. Jurisdiction relinquished.

---

[2] Due to our disposition, we need not address the Commonwealth's other claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014