**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Vincent E. JORDAN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 2000.

Filed April 11, 2001.

---

**6.** I am aware, of course, that Rule 4.2 applies to all attorneys, not just those representing plaintiffs.

John L. Elash, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before LALLY–GREEN, TODD and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from an order entered on October 6, 1999, dismissing without a hearing Appellant's second petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. The appeal presents the question of whether Appellant's prior counsel rendered ineffective assistance of counsel in failing to pursue a direct appeal on Appellant's behalf. The issue, as raised by Appellant, is:

> Whether the court below erred in failing to grant Appellant leave to file a direct appeal *nunc pro tunc* or hold an evidentiary hearing to determine whether Appellant had requested a direct appeal.

Appellant's Brief at 4.

¶ 2 On the basis of *Commonwealth v. Hernandez*, 755 A.2d 1 (Pa.Super.2000), *allowance of appeal granted* —— Pa. ——, 766 A.2d 1244 (Pa.1/19/01), and *Commonwealth v. Garcia*, 749 A.2d 928 (Pa.Super.2000), we find the issue raised by Appellant meritorious. We therefore reverse and remand the matter to the trial court for an evidentiary hearing. Depending on the evidence gathered at that proceeding, the trial court is directed that Appellant's direct appeal rights should be reinstated *nunc pro tunc.*

¶ 3 Appellant, who was represented by Attorney Bruce Carsia, entered a guilty plea and was sentenced. His petition for modification of sentence was denied. Attorney Carsia then petitioned to withdraw his representation. His request was

granted and the Public Defender's Office was appointed.

¶ 4 Subsequently, the Public Defender's Office filed a notice of appeal with this Court. No Statement of Matters Complained of on Appeal was filed, so we are unable to determine the issues that were raised in the appeal. The Public Defender's Office filed a petition to dismiss the appeal, which we granted. Appellant states in his brief that the purpose in seeking this dismissal was to allow Appellant to file a petition to withdraw his guilty plea in the trial court. However, the Public Defender's Office never filed such a petition, nor did the Public Defender's Office take any additional steps to protect Appellant's right to a direct appeal. The Public Defender's Office also did not file a brief to assert that the appeal was frivolous and should be dismissed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court's February 19, 1986 order dismissing the appeal provided that the dismissal was without prejudice to any rights Appellant might have under the Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA.[1]

¶ 5 Appellant's *pro se* PCHA petition, which he filed on December 18, 1986, was denied the same day that it was filed, without counsel to represent Appellant. Appellant then filed a revised *pro se* PCHA petition on January 28, 1988, alleging abandonment and ineffective assistance by trial counsel, Attorney Carsia, and alleging that the guilty plea was induced by promises of a lenient sentence.

¶ 6 The Public Defender's Office was appointed to represent Appellant and filed a motion to withdraw as counsel because of conflict. The trial court granted the mo-

tion on January 29, 1988. In June of 1988, Patrick J. Thomassey, Esq., was then appointed to represent Appellant. The *pro se* PCHA petition was denied without a hearing on August 24, 1989.

¶ 7 On September 9, 1989, Appellant filed with this Court a notice of appeal from the denial of his PCHA petition. This Court affirmed the denial of the PCHA petition on January 8, 1991, finding that trial counsel had not provided ineffective assistance because there was no merit to the contention that the guilty plea was invalid. This Court stated that Appellant had repeatedly acknowledged that his plea was not induced by a promise of a specific sentence, so he could not make such an allegation in seeking post-conviction relief. Thus, citing *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982), the panel found from its examination of the record that Appellant had failed to make a showing of prejudice on the order of manifest injustice to support a withdrawal of his guilty plea after sentencing.

¶ 8 Appellant then filed another petition in October of 1991, under the PCRA, in which he asserted that he would prove at an evidentiary hearing that he was promised a lesser sentence. The Public Defender's Office was appointed to represent him. More than a year later, the Public Defender's Office filed a motion to withdraw as counsel because it had been involved as direct appeal counsel. The trial court granted the motion.

¶ 9 Present counsel, Attorney John Elash, was then appointed to represent Appellant. He filed a Petition for Relief Pursuant to the Post Conviction Relief Act or Request for Appeal *Nunc Pro Tunc* on September 30, 1998. The trial court then

---

1. The Post–Conviction Hearing Act was modified in part, repealed in part, and renamed the Post–Conviction Relief Act, effective April 13, 1988. *Commonwealth v. Lewis,* 718 A.2d 1262 n. 2 (Pa.Super.1998).

dismissed the PCRA petition on October 6, 1999, after giving the requisite notice of its intention to dismiss the petition without holding an evidentiary hearing. This appeal, filed by Attorney Elash on behalf of Appellant, followed.

¶ 10 Appellant presently argues that he lost his right to a direct appeal as a result of the ineffective assistance of his first PCHA counsel, Attorney Thomassey, who also filed the appeal from the dismissal of the PCHA petition with this Court. Attorney Elash asserts that Attorney Thomassey framed the issue as one of trial counsel's error instead of whether, because of ineffective assistance of **direct appeal** counsel, *i.e.*, the Public Defender's Office, Appellant was deprived of his constitutional right to a direct appeal.

¶ 11 There are two aspects to this case: first, whether the trial court properly denied the second PCRA petition without a hearing;[2] and second, whether the trial court properly decided not to hold an evidentiary hearing to determine if *nunc pro tunc* relief was warranted.

¶ 12 Initially, we turn to a consideration of the denial of the second PCRA petition without a hearing. The right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204, 208 (1994). A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Id.* A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541, 542 (1997).

¶ 13 Appellant's instant PCRA petition was filed prior to the effective date of the 1995 amendments to the PCRA. The pre-amendment PCRA requires Appellant to establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the errors or defects listed in 42 Pa.C.S. § 9543(a)(2)[3] and that the issues he raises have not been previously litigated.[4] If Appellant can show that the issues have not been previously litigated, he must also show that these allegations of error have not been waived[5] or, if waived, the conditions in

---

**2.** We are treating this as a denial of Appellant's second PCRA petition because the initial petition under the PCHA that Appellant filed was without the benefit of counsel, and an indigent has the right to assistance of counsel on a first PCRA petition. *See Commonwealth v. Keeney*, 367 Pa.Super. 16, 532 A.2d 33 (1987). Thus, for purposes of our review, Appellant has filed one petition under the PCHA and one under the PCRA. *See Commonwealth v. Brimage*, 398 Pa.Super. 134, 580 A.2d 877 (1990)(providing that a petition filed under the PCRA, after a previous petition has been filed under the PCHA, is treated as a second petition).

**3.** Prior to the amendment of the PCRA which took effect on November 17, 1995, section 9543(a)(2) set forth only three provisions which could have any application to this appeal: section 9543(a)(2)(i), (a)(2)(ii), and (a)(2)(v). The errors and defects listed in these subsections refer to ineffective assistance of counsel and violations of the United States or Pennsylvania Constitutions.

**4.** Prior to the 1995 amendments to the PCRA, section 9544(a) provided that an issue has been previously litigated if the highest appellate court in which an appellant could have had review has ruled on the merits of the issue, or the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S.A. § 9544(a).

**5.** As applicable to the instant matter, section 9544(b) of the PCRA, 42 Pa.C.S.A. § 9544(b), provided that an issue has been waived, "if

either § 9543(a)(3)(ii) or (iii) have been met[.][6] *See Com. v. Travaglia,* 541 Pa. 108, 117, 661 A.2d 352, 356 (1995), *cert. denied,* 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996).

■ ¶ 14 Our Supreme Court has explained that the standard of review for a second PCRA petition is as follows:

> [I]n reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that a miscarriage of justice occurred. *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988). "An appellant makes such a prima facie case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged." *Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516 (1997).

*Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 223 (1999). Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn,* 551 Pa. 96, 709 A.2d 849, 856 (1998).

■ ¶ 15 In order to establish ineffective assistance of counsel, Appellant must show: 1) that there is merit to the underlying claim; 2) that counsel had no reasonable basis for his course of conduct; and 3) that there is a reasonable probability that, but for the act or omission in question, the outcome of the proceeding would have been different. *Commonwealth v. Jones,* 546 Pa. 161, 683 A.2d 1181, 1188 (1996). If the record shows that the third prong is not met, we need not determine whether the first two prongs are satisfied. *Id.* This standard is the same for PCRA relief based on a claim of ineffective assistance of counsel. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 332 (1999).

■ ¶ 16 A claim of ineffectiveness must be raised at the earliest possible stage in which the allegedly ineffective counsel no longer represents the petitioner. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 587 (1999). However, a claim of ineffectiveness will not be deemed waived where the petitioner has layered the claim by alleging the ineffectiveness of all prior counsel for failing to pursue the claim. *Id.*

¶ 17 The issue of the validity of the guilty plea has been previously litigated within the context of the PCRA. However, Appellant might have had another challenge that he wished to raise in a direct appeal, such as a challenge to the discretionary aspects of sentencing. Attorney Elash raised the issue now on appeal at the earliest stage in which the allegedly ineffective counsel was no longer representing Appellant and by means of a layered ineffectiveness claim. Thus, the issue of whether Attorney Thomassey rendered

---

the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter."

**6.** Subsections 9543(a)(3)(ii) and (iii) provided:
(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.
(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.
42 Pa.C.S.A. § 9543(a)(3)(ii) and (iii).

ineffective assistance in failing to pursue the question of whether Appellant's right to a direct appeal was denied has not been either previously litigated or waived.

¶ 18 Both this Court and our Supreme Court have recently examined the question of whether an appellant who is alleging the loss of his direct appeal rights through ineffective assistance of counsel properly does so under the PCRA or by means of a petition for *nunc pro tunc* relief.

▆ ¶ 19 This Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA. *Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990). In *Commonwealth v. Bronaugh,* 447 Pa.Super. 522, 670 A.2d 147 (1995), the appellant alleged in a PCRA petition that he was deprived of a direct appeal by his counsel's failure to file an appeal. The trial court dismissed the PCRA petition without a hearing, citing *Wolfe.* On appeal in *Bronaugh,* we ruled that an evidentiary hearing on the PCRA petition must be held to determine whether the appellant's constitutional right to a direct appeal was waived. If it was not waived, we stated that an appeal *nunc pro tunc* would be the appropriate remedy.

¶ 20 In *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571 (1999), the appellant, who was sentenced following his entry of a guilty plea, had originally filed post-sentencing motions and an appeal to this Court. His counsel then negotiated a modified sentence and the appellant withdrew his post-sentence motions and appeal. However, when the modification fell apart, the appellant could not file a direct appeal because of his withdrawal of his post-sentence motions and appeal. He then filed a petition under the PCRA asserting that his counsel was ineffective in advising him to withdraw his post-sentence motions and appeal. The PCRA court denied him relief. This Court affirmed the PCRA court's order on a different basis.

¶ 21 The Supreme Court stated that the requirement under section 9543(a)(2)(ii), that a petitioner must plead and prove that his counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place", amounts to the prejudice prong for ineffectiveness of counsel. *Lantzy,* 736 A.2d at 570. The Supreme Court reasoned that an unjustified failure of counsel to perfect an appeal guaranteed *as of right* constitutes prejudice *per se. Lantzy,* 736 A.2d at 567. In such a circumstance, the Court held that, if a petitioner such as the appellant in *Lantzy* could also meet the remaining requirements of the PCRA, he did not have to establish his innocence or demonstrate the merits of the issues that would have been raised on a direct appeal.

¶ 22 In *Commonwealth v. Hitchcock,* 749 A.2d 935 (Pa.Super.2000), the appellant, Ronald Hitchcock, was convicted and was sentenced on November 26, 1997. Hitchcock then asked his counsel to file a direct appeal. Counsel refused and advised Hitchcock that he could proceed *pro se* or with privately retained counsel. On November 24, 1998, Hitchcock, acting *pro se,* filed a petition seeking permission to file post-sentencing motions and an appeal *nunc pro tunc.* The trial court summarily denied Hitchcock's petition. Subsequently, on appeal, this Court *sua sponte* referred the matter for *en banc* treatment to consider the issue of whether the trial court erred in denying Hitchcock's petition to file a direct appeal *nunc pro tunc.*

¶ 23 This Court concluded that, when Hitchcock's petition was filed on November 24, 1998, the only means of securing a

reinstatement of direct appeal rights that had been lost because of ineffectiveness of counsel was to proceed outside of the PCRA. We reasoned that, at that time, an appellant situated in that position had to request permission to appeal *nunc pro tunc*, unless the alleged ineffectiveness was shown to implicate the truth-determining process. However, while Hitchcock's appeal with this Court was pending, the Supreme Court issued its decision in *Lantzy*. *See Lantzy, supra*, 558 Pa. 214, 736 A.2d 564.

¶ 24 In *Hitchcock*, this Court observed that a retroactive application of the Supreme Court's *Lantzy* decision would affect only a limited number of persons who had followed the existing case law at the time they sought an appeal *nunc pro tunc*. We concluded that, because Hitchcock's counsel had unjustifiedly failed to file a requested direct appeal and because Hitchcock had followed the procedure for obtaining redress that was in effect by our case law at that time, we had to reverse the trial court's order and remand the matter. Accordingly, we directed the trial court to enter an order reinstating Hitchcock's direct appeal rights *nunc pro tunc* and to appoint counsel to represent Hitchcock, who was indigent.

¶ 25 The *Garcia* appeal, which was simultaneously considered with *Hitchcock*, also resulted in this Court reversing and remanding an order of the trial court which had denied the appellant therein, Carlos Garcia, permission to file post-sentencing motions or an appeal *nunc pro tunc*. Garcia contended that, after he was convicted and sentenced, he had requested his counsel to file a direct appeal, and that counsel was ineffective for failing to do so. Garcia filed an appeal with this Court from the trial court's denial of his petition to file post-sentencing motions or an appeal *nunc pro tunc*. This Court quashed the appeal as interlocutory. Garcia then filed a PCRA petition.

¶ 26 For an unexplained reason, this Court reinstated Garcia's appeal that had been quashed, and the trial court summarily dismissed the PCRA petition because of the appeal with this Court. We *sua sponte* referred the case for *en banc* review. This Court recognized that Garcia was caught in the same procedural position as Hitchcock, and that a PCRA petition would be time-barred pursuant to section 9545(b) of the PCRA (unless Garcia could meet one of the exceptions). We refused to apply the Supreme Court's decision in *Lantzy* retroactively, finding such a result would be unjust. However, we were unable to determine from the record whether Garcia had, in fact, requested his trial counsel to file a notice of appeal and whether counsel had refused this request.

¶ 27 Accordingly, in *Garcia*, we reversed the trial court's order and remanded for an evidentiary hearing on the issue. We instructed that, if Garcia were to prove that his right to a direct appeal was lost due to his counsel's ineffective assistance, the trial court should enter an order reinstating Garcia's right to a direct appeal *nunc pro tunc*. Additionally, we ordered the trial court to appoint counsel to represent Garcia, who was indigent.

¶ 28 In *Hernandez, supra*, this Court addressed the issue of whether the appellant was entitled to an appeal *nunc pro tunc* to challenge the discretionary aspects of the sentence rendered after the entry of a guilty plea. The appellant had directed his counsel to file a direct appeal and the counsel had done so, but he failed to file a motion to modify sentence or a concise statement of matters complained of on appeal. This Court decided in the direct appeal that the appellant's challenge to the discretionary aspects of his sentence, therefore, had been waived.

¶ 29 Hernandez then sought leave to appeal *nunc pro tunc* and was denied. On appeal from that decision, a panel of this Court found that a review of the discretionary aspects of Hernandez's sentence was appropriate, since his counsel failed to properly perfect his appeal. The majority in Hernandez reasoned that the confusion that the *Lantzy* case fostered and the interests of justice and fundamental fairness dictated that the trial court abused its discretion in denying the petition for a *nunc pro tunc* appeal.

¶ 30 This author wrote a dissenting opinion expressing concern that the majority was discarding prior case law without proper briefing and consideration of the impact of the Supreme Court's *Lantzy* opinion on the *Wolfe* and *Bronaugh* cases. The Supreme Court's grant of allowance of appeal in *Hernandez* should clarify the matter. Until that time, this Court's decision in *Hernandez* binds us.

¶ 31 Pursuant to the holdings in the foregoing cases, it appears that both the Public Defender's Office and Attorney Thomassey might have provided ineffective assistance of counsel in failing to ensure that Appellant receive a direct appeal. Critically, Attorney Elash filed the request for an appeal *nunc pro tunc* on September of 1998, when this Court's decision in *Lantzy* was in effect and before the Supreme Court had entertained the case. Thus, the reasoning that led the majority in *Hernandez* to find that the trial court should have granted the appellant's petition for a direct appeal *nunc pro tunc* is equally applicable to the present case.

¶ 32 Moreover, we recognize the need for an evidentiary hearing for Appellant to prove that his right to a direct appeal was lost because of ineffective assistance of counsel, *see Garcia, supra*, since we do not know whether Appellant sought to challenge anything other than the validity of his guilty plea. Also, without an evidentiary hearing, it cannot be determined whether the Public Defender withdrew the direct appeal because Appellant himself was refusing to cooperate with the Public Defender's preservation of his appellate rights.[7] If Appellant was choosing to be uncooperative because he no longer desired to pursue the direct appeal, the Commonwealth may be correct in asserting that he effectively waived his right to a direct appeal.

¶ 33 On the basis of the foregoing case law, we reverse the trial court's order and remand the matter to the trial court for an evidentiary hearing on the question of whether Appellant did, in fact, waive his right to have counsel perfect a direct appeal on his behalf. We further direct that, if Appellant proves his right to a direct appeal was lost due to counsel's ineffective assistance, based on the holdings in *Hernandez* and *Garcia*, the trial court should then enter an order reinstating Appellant's right to a direct appeal *nunc pro tunc*.

¶ 34 Order reversed and remanded. Jurisdiction relinquished.

¶ 35 TODD, J., files a Concurring Statement.

TODD, J., Concurring:

¶ 1 I am mindful of the Majority's expression of concern for a defendant who may have unwittingly lost his right to a direct appeal of his guilty plea through

---

7. In seeking dismissal of the direct appeal, the Public Defender alleged in the Petition to Dismiss or in the Alternative to Remand for Purposes of Filing a Petition to Withdraw a Guilty Plea *Nunc Pro Tunc* that communica- tions directed to Appellant from his office had been refused. *See* Exhibit 2 to Commonwealth's Answer to Post Conviction Relief Act Petition.

counsel's ineffectiveness. While I concur in the result reached by the Majority, I write separately to clarify the state of the record in this case and set forth why I agree that this matter is properly before us.

¶ 2 As the Majority notes, Appellant was represented initially by trial counsel, then the Public Defender's Office, then Attorney Thomassey, and now Attorney Elash. In his PCRA petition, Appellant does not explicitly assert a layered ineffectiveness claim of all prior counsel as the Majority implies. Rather, Appellant hinges his claim for relief on the ineffectiveness of the Public Defender's Office in failing to pursue a direct appeal of his guilty plea. In his amended PCRA petition Appellant states: "Petitioner was denied his constitutionally guaranteed right to effective representation when the Public Defender's Office failed to protect Petitioner's constitutionally protected right to a direct appeal." (Amended PCRA Petition, 9/30/98, at 3–4.) In his prayer for relief he further states: "WHEREFORE, Petitioner requests this Honorable Court find that the Public Defender's Office rendered ineffective assistance of counsel and grant relief. . . ." (*Id.*, at 5.)

¶ 3 An allegation of the Public Defender's ineffectiveness could have been raised by Attorney Thomassey in Appellant's first PCRA petition filed in 1988. As it was not, it is now waived. *See Commonwealth v. Griffin*, 537 Pa. 447, 454, 644 A.2d 1167, 1170 (1994) (ineffectiveness claims are waived if not raised at the earliest stage in the proceedings at which allegedly ineffective counsel is no longer representing the petitioner); 42 Pa.C.S.A. § 9544(b). Thus, it is the allegation of Attorney Thomassey's ineffectiveness that is the key to Jordan's petition.

¶ 4 PCRA waiver rules coupled with procedural rules regarding the preservation of appellate issues often "force a petitioner to frame his claims as 'layered' ineffectiveness claims, because there has usually been waiver by previous counsel's failure to raise or preserve." *Commonwealth v. Pursell*, 555 Pa. 233, 252, 724 A.2d 293, 302 (1999). Our Supreme Court requires "strict adherence to the statutory language of the PCRA, and will afford post-conviction review only where a petitioner shows that the statutory exceptions to waiver in the PCRA apply, or where a petitioner properly raises claims of counsel's ineffectiveness." *Id.* at 252, 724 A.2d at 303.

¶ 5 Therefore, in the most technical sense, Appellant has not properly framed the issue as a layered ineffective claim. However, implicit in the factual background set forth in his petition is what may be construed as an allegation of Attorney Thomassey's ineffectiveness. For this reason, and in the interest of judicial economy (i.e., to avoid yet another ineffectiveness claim), I agree with the Majority that the matter is properly before us. With that premise, I concur in the disposition of the case by the Majority.