J-S49040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GODFREY GILLINGS PANAM, | |
| Appellant | No. 259 MDA 2015 |

Appeal from the PCRA Order of January 8, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006493-2010

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 20, 2015**

Appellant, Godfrey Gillings Panam, appeals from the order entered on January 8, 2015 dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On September 16, 2011, a jury convicted Appellant of simple assault and endangering the welfare of a minor in connection with injuries his 18-month-old son sustained in 2010.  The trial court sentenced Appellant to 11½ to 23 months of imprisonment, with a consecutive term of four years' probation.  This Court affirmed Appellant's judgment of sentence on November 27, 2012.  ***See Commonwealth v. Panam***, 63 A.3d 838 (Pa. Super. 2012) (unpublished memorandum).   Our Supreme Court denied further review on May 30, 2013.  ***See Commonwealth v. Panam***, 68 A.3d

908 (Pa. 2013). Appellant filed a *pro se* PCRA petition on February 6, 2014. On February 11, 2014, the PCRA court appointed counsel to represent Appellant during collateral review. Appointed counsel filed an amended PCRA petition on October 1, 2014. On December 17, 2014, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 indicating its intent to deny relief without a hearing. Appellant responded on January 5, 2015. On January 8, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely appeal followed.[1]

On appeal, Appellant presents the following issue for our review:

> Was it error for the PCRA court to dismiss Appellant's PCRA petition without a hearing?

Appellant's Brief at 4.

Appellant argues that the PCRA court erred in declining to hold an evidentiary hearing on his PCRA petition. Citing the United States Supreme Court decision in **Padilla v. Kentucky**, 599 U.S. 356 (2010), Appellant alleges that trial counsel was ineffective for failing to consult and address deportation consequences resulting from his convictions at trial. **Id.** at 8. Appellant recognizes that "**Padilla** centered on trial counsel's advice prior to the entry of a guilty plea[,]" whereas Appellant was convicted by a jury. **Id.**

---

[1] Appellant filed a notice of appeal on February 6, 2015. On February 9, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on February 27, 2015. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 8, 2015.

- 2 -

at 9. Appellant claims that "[i]t stands to reason that if trial counsel has an obligation to explain immigration risks prior to a guilty plea then trial counsel should have the same obligation to explain immigration risks before deciding to take the matter to trial." *Id.* at 10. Thus, Appellant urges this Court to "expand the protections offered by [] *Padilla* to ensure that a criminal defendant is always aware of the risks of deportation." *Id.* at 9. Appellant posits that "[h]ad trial counsel discussed or addressed [deportation], [] Appellant would have pursued a negotiated plea to an offense which did not result in deportation." *Id.* at 6.

We begin by noting that "this Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Walker*, 110 A.3d 1000, 1003 (Pa. Super. 2015). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes

prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Id.*, *citing* ***Commonwealth v. Johnson***, 966 A.2d 523, 532–533 (Pa. 2009).

This Court has previously summarized the decision in ***Padilla***, as follows:

Jose Padilla, a Honduran native who had lived in the United States for more than 40 years, pled guilty to transportation of a large amount of marijuana, a deportable offense under 8 U.S.C. § 1227(a)(2)(B)(i). Padilla claimed that counsel not only failed to advise him of the possibility of deportation prior to entering the plea, but also told him that he did not have to worry about immigration status since he had been in the country so long. Padilla relied on counsel's erroneous advice when he pleaded guilty to the drug charges, and alleged in his post-conviction petition that he would have gone to trial had he not received incorrect advice from his attorney.

Noting the unique nature of deportation, the ***Padilla*** Court decided that, [t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation. The Court found that, although civil in nature, deportation is nevertheless intimately related to the criminal process and concluded that [t]he severity of deportation— the equivalent of banishment or exile, —only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation. Ultimately, the Court in ***Padilla*** remanded the matter for a determination as to whether Padilla could demonstrate that he was prejudiced by counsel's incorrect advice.

*Commonwealth v. Wah*, 42 A.3d 335, 339-340 (Pa. Super. 2012) (internal citations and quotations omitted).

Herein, Appellant did not enter a guilty plea and, thus, his reliance on *Padilla* is misplaced. Appellant chose to go to trial and a jury found him guilty. Hence, *Padilla* is not applicable. Appellant has not cited, and our independent review has not revealed, any case law extending *Padilla* to cases where a jury finds the defendant guilty. Moreover, while Appellant argues he would have pled guilty to lesser charges that would not have required his deportation, such a scenario is entirely speculative. Appellant has not alleged and proven that the Commonwealth would have agreed to Appellant's hypothetical plea terms or that trial counsel could have advised Appellant as he contends. "The right to an evidentiary hearing on a post-conviction petition is not absolute." *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted). "A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Id.* Here, having determined that Appellant's claim is patently frivolous, an evidentiary hearing was not warranted. Accordingly, Appellant's sole appellate claim lacks merit.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/20/2015</u>