J-S09009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES MATTHEW SHAFFER | |
| Appellant | No. 1059 MDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001686-2012

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 21, 2016**

Appellant, Charles Matthew Shaffer, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") without a hearing. Shaffer raises twelve issues based upon his claims that his trial counsel was ineffective. After careful review, we conclude that none of Shaffer's claims have merit, and therefore affirm.

A jury convicted Shaffer of attempted rape, attempted involuntary deviate sexual intercourse, and indecent assault, based upon allegations that he had attempted to forcibly rape an ex-girlfriend in his home. On November 14, 2013, the trial court sentenced Shaffer to an aggregate term of imprisonment of 10 to 20 years. Shaffer did not file post-sentence motions or a direct appeal.

On November 6, 2014, Shaffer filed a *pro se* PCRA petition. Counsel was appointed to represent him,[1] and counsel filed an amended petition. The PCRA court subsequently entered a notice of its intent to dismiss the amended petition without a hearing. Shaffer filed a counseled response, however the PCRA court entered an order dismissing his petition without a hearing on June 5, 2015. This timely appeal followed.

On appeal, Shaffer contends that the PCRA court committed twelve separate errors when it concluded that trial counsel was not ineffective without a hearing. These twelve allegations of error are grouped into six separate argument sections. We will address the issues as Shaffer has chosen to organize them in his argument.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record,

_____

[1] The certified record is not clear regarding when counsel was appointed. An order dated November 14, 2014, setting a PCRA conference date for December 11, 2014, is copied to Shaffer, but left blank the section for appointment of counsel. On December 12, 2014, the trial court entered an order directing Shaffer to file an amended petition within 30 days that is copied to counsel. Shaffer subsequently filed a *pro se* amended petition, which was followed by a counseled amended petition, and several subsequent amendments to append exhibits to the petition.

viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

"[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. **See** 42 Pa.C.S.A. § 9543(a)(3).

It is well settled that

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citation omitted). "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010) (citation omitted). A failure to satisfy any prong of the test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *See id*. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *See Commonwealth v. Hardcastle*, 701 A.2d 541, 542-543 (Pa. 1997). In "ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Bauhammers*, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citations and internal quotation marks omitted). We review a PCRA court's decision to deny a claim without a hearing for an abuse of discretion. *See id*.

Shaffer's first category of argument concerns trial counsel's actions regarding the victim's mental health. Shaffer argues that trial counsel was ineffective for failing to question the victim about her mental health and for failing to retain an expert to opine on the issue of the victim's mental health. Initially, we note that, outside of his own allegations, Shaffer has failed to establish that the victim suffered from any mental health issues. Furthermore, there is no evidence of record, through expert opinion or otherwise, establishing the relevance of the victim's mental health to the issues at trial. We therefore conclude that Shaffer has failed to establish that this claim has arguable merit, and therefore the PCRA court did not abuse its discretion in dismissing these claims without a hearing.

Next, Shaffer contends that trial counsel was ineffective by failing to communicate with him prior to trial. In particular, he contends that if trial counsel had communicated with him, trial counsel would have been aware of issues raised during a protection from abuse ("PFA") hearing between Shaffer and the victim. There is no transcript of this PFA hearing, nor any reference to it at all outside of Shaffer's allegations, in the certified record. As such, Shaffer has failed to establish any arguable merit to the claim that the PFA hearings were relevant to the criminal charges against him. We therefore conclude that the PCRA court did not abuse its discretion, and Shaffer is due no relief on this argument.

In his third category of allegations, Shaffer complains that trial counsel convinced him not to testify at trial as she advised him that his prior convictions could be used against him if he did. Shaffer now contends that this advice was incorrect. After reviewing the certification of PCRA counsel attached as an exhibit to the amended petition, we disagree.

Generally, certain crimes involving dishonesty or false statement, whether the result of a guilty verdict, plea, or nolo contendere, may be admitted for the purpose of attacking the credibility of a witness. **See** Pa.R.E. 609(a). However, when the conviction is more than ten years old, it is admissible only after a determination by the trial court that the probative value of the conviction substantially outweighs its prejudicial effect. **See** Pa.R.E. 609(b).

Here, counsel's certification indicated an unknown disposition for theft in 2003, an unknown disposition for burglary in 2003, and an unknown disposition for vehicle theft in 2006. Shaffer argues that it was the Commonwealth's burden to establish the disposition of these charges. While this may have been true at trial, in collateral proceedings under the PCRA, it is the petitioner's burden to establish his claims. Since the certification does not establish that these convictions would have been inadmissible at trial, Shaffer has failed to meet his burden to establish arguable merit. We therefore conclude that the PCRA court did not abuse its discretion in dismissing this claim without a hearing.

Next, Shaffer raises four arguments based upon his belief that trial counsel did not adequately cross-examine the victim. First, he reiterates his complaints about the PFA hearing. As before, this argument fails due to the fact that the transcript has not been made part of the record. Second, he argues that trial counsel was ineffective for failing to question the victim regarding her testimony at the preliminary hearing. This transcript is not in the certified record either, and therefore this argument fails as well. Shaffer's third argument in this category is that trial counsel should have questioned the victim about her delay in filing a PFA petition. Once again, Shaffer has failed to produce any document, other than his own allegations, regarding the PFA proceeding, let alone that there was any delay in the initiation of such proceedings. Thus, this claim also fails. In his fourth claim in this category, Shaffer argues that trial counsel was ineffective in failing to question the victim about the lack of bruises or marks on her body after the incident. Returning to a common theme, there is no indication in the record, other than Shaffer's allegations, about the victim's injuries or lack thereof. Without some indication that there was objective evidence of the victim's status after the incident, the PCRA court correctly ruled that Shaffer had failed to raise a triable issue. Shaffer's fourth category of alleged errors therefore merits no relief.

In his fifth argument, Shaffer alleges that trial counsel had a personal animosity towards him. He thus contends that his allegations of trial counsel

error, when combined with this personal animus, constitute abandonment by counsel. However, we have already concluded that Shaffer failed to meet his threshold burden of establishing arguable merit in his allegations of trial counsel ineffectiveness. As such, Shaffer cannot establish that the presence of any personal animosity between Shaffer and trial counsel led to any prejudice. We therefore conclude that the PCRA court did not abuse its discretion in dismissing this claim.

In his sixth and final category of alleged error, Shaffer claims that trial counsel was ineffective in failing to call witnesses that Shaffer desired to have testify at trial. Trial counsel will not be deemed ineffective for failing to call a witness to testify unless it is demonstrated that

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

***Commonwealth v. Brown***, 18 A.3d 1147, 1160-1161 (Pa. Super. 2011) (citation omitted).

Herein, Shaffer does not establish the identity of any witnesses, their availability at the time of trial, or the substance of the witnesses' testimony. Without this necessary evidence we are unable to conclude that the absence of the testimony was so prejudicial to petitioner to have denied him a fair trial. Accordingly, we cannot conclude that the PCRA court abused its discretion in dismissing this claim without a hearing.

As we conclude that none of Shaffer's claims on appeal merit relief, we affirm the order dismissing his PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016