J-S31003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JESSICA RIZOR | |
| Appellant | No. 291 WDA 2016 |

Appeal from the PCRA Order February 5, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002637-2004

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 8, 2017**

Appellant, Jessica Rizor, appeals from the order entered in the Washington County Court of Common Pleas, denying her petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate the PCRA court's order denying relief, and remand for an evidentiary hearing.

A panel of our Court previously summarized the facts of this case as follows:

> In 2004, Appellant, a married woman who lived with her husband and her mother, concealed the fact that she was pregnant from family and co-workers. In the early morning hours of the day following Thanksgiving 2004, Appellant gave birth to a live full-term baby girl in the bathroom of her home and disposed of the child in plastic bags. Husband found the deceased child after Appellant insisted that Husband take the garbage out of the house. Husband had his mother-in-law call 911. Appellant was taken to the hospital. The Medical Examiner

> took the deceased child for an autopsy and discovered that the child was born alive and died by asphyxiation. Appellant gave a written statement to police, wherein she detailed the events surrounding the incident.

*Commonwealth v. Rizor*, No. 1128 WDA 2008 (Pa. Super., filed 7/21/10) (unpublished memorandum).

Appellant was charged with murder and other crimes stemming from the incident. The Commonwealth offered Appellant a 5½ to 30-year sentence, in exchange for a plea of guilty but mentally ill to third-degree murder. The court conducted a plea colloquy, at which time Appellant rejected the deal. Appellant proceeded to a jury trial, where she was convicted of first-degree murder, concealing the death of a child, and abuse of a corpse. On June 5, 2008, the trial court sentenced Appellant to a term of life imprisonment. On appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Appellant timely filed a PCRA petition, which was subsequently amended twice with permission of the PCRA court.

After Appellant's final amendment of her PCRA petition, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response and requested a hearing. The PCRA court heard argument on this matter, at which Appellant's PCRA counsel argued Appellant's trial counsel was ineffective for failing to present a cognizable trial strategy. After substantial argument, the PCRA court declined to have an evidentiary hearing to permit Appellant to present evidence from her trial attorney about his strategy and about his alleged ineffectiveness. The PCRA

court ultimately dismissed Appellant's PCRA petition. This timely appeal followed.

On appeal, Appellant argues the PCRA court erred by dismissing her PCRA petition without an evidentiary hearing. Appellant avers that but for trial counsel's assurances that she would "never set foot in state prison" and counsel's advice to reject the plea offer, Appellant would not have proceeded to trial. Appellant contends the evidence against her was insurmountable, and a competent attorney never would have advised her to risk trial. Appellant asserts trial counsel repeatedly tried to argue a diminished capacity defense, but the court previously determined before the trial began that any evidence of Appellant's mental health was inadmissible. Appellant concludes these are genuine issues of material fact as to trial counsel's competence, and that she is entitled to an evidentiary hearing. We agree.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

It is well-settled that

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted). A failure to satisfy any prong of the test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *See id*.

It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *See Commonwealth v. Hardcastle*, 701 A.2d 541, 542-543 (Pa. 1997). We review a PCRA court's decision to deny a claim without a hearing for an abuse of discretion. *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citations omitted).

- 4 -

In "ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Bauhammers*, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Stewart*, 84 A.3d at 707 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Instantly, Appellant rejected the Commonwealth's offer of a 5½ to 30-year sentence in exchange for a plea of guilty but mentally ill to third-degree murder. The trial court conducted a thorough plea colloquy on the record, questioning Appellant about whether she understood the charges she faced and the risk of going to trial. The court informed Appellant she faced a sentence of life in prison without the possibility of parole if she was convicted of murder in the first degree. The court also asked Appellant if she had been pressured into making her decision. Appellant indicated she

understood the charges and risks, and that she had not been coerced into making the choice.

Appellant contends that trial counsel gave her advice to reject the plea because counsel planned to argue an insanity or diminished capacity defense. Appellant's PCRA petition avers that even after the trial court granted the Commonwealth's motion to preclude mental health evidence, counsel did not apprise her of the change to the defense strategy or its considerably reduced likelihood of success.

The PCRA court held that Appellant's issue lacked arguable merit because Appellant stated during the plea colloquy that she had not been pressured to reject the plea. However, "pressure" is an improper measurement of whether an appellant received effective assistance of counsel. Based on her own assertions, Appellant was not *pressured* into rejecting the deal. Rather, she believed she was doing so rationally, based on the purported ability of her attorney to present a mental health defense. Thus, the existence of the plea colloquy does not refute Appellant's ineffective assistance argument.

In its opinion, the PCRA court also states that counsel cannot be deemed ineffective for failing to present a cognizable defense. **See** PCRA Court Opinion, filed 5/17/16, at 21. However, trial counsel's failure to present a cognizable defense goes toward evaluating the reasonableness of counsel's advice not to take the plea. Appellant claims she believed trial

counsel had a legally sound defense when she rejected the plea. The court's evidentiary ruling prior to trial eviscerated counsel's ability to present this defense. Without the ability to present any exculpatory mental health testimony, and no other line of defense evident from the transcripts, counsel would have no reasonable basis for rejecting the plea.

Finally, with respect to prejudice, had counsel advised Appellant to take the plea, and Appellant accepted the advice, she would have received a sentence of 5½ to 30 years' incarceration—instead of the life without the possibility of parole sentence she is presently serving.

The PCRA court did not base its decision on a credibility finding, and so we are free to reject its legal conclusions. *See Hardcastle*, 701 A.2d at 542-543. Appellant has demonstrated a genuine issue of material fact based on the pleadings. The PCRA court abused its discretion in failing to hold an evidentiary hearing.

Moreover, the certified record contains a witness certification from Appellant's PCRA counsel, stating that he spoke to Appellant's trial counsel. The certification avers Appellant's trial counsel admitted during two separate discussions that he was ineffective, and that he would testify to his ineffectiveness before the PCRA court. *See* Amended Witness Certification of Robert Brady, filed 10/23/14, at 2. Though Appellant's averments alone are sufficient in this instance to remand for an evidentiary hearing, as they raise

a genuine issue of material fact, this admission bears mentioning when evaluating the arguable merit of Appellant's ineffective assistance claim.

As we find Appellant has demonstrated a genuine issue of material fact, we vacate the PCRA court's order and remand for an evidentiary hearing.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017