J-S16012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN BROWN, JR. | |
| Appellant | No. 679 WDA 2016 |

Appeal from the Order February 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008971-2005

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 1, 2017**

Allen Brown, Jr. appeals, *pro se*, from the February 5, 2016 order entered in the Allegheny County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

The PCRA court summarized the history of this matter as follows:

> [Brown] was charged with Rape, Incest, Statutory Sexual Assault, Endangering the Welfare of a Child and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The record contains two notices of appeal, one dated February 21, 2016 and taken from the February 5, 2016 order, and one dated May 1, 2016, filed May 11, 2016, and taken from an April 14, 2016 order denying Brown's petition for *habeas corpus*.  Brown's brief, however, discusses only the PCRA court's February 5, 2016 order dismissing his PCRA petition.  The Commonwealth's brief likewise addresses only the February 5, 2016 order.

Corruption of Minors[2] in relation to an incident between [Brown] and his 16 year-old daughter [K]. Following a jury trial, [Brown] was found guilty of all counts. He appeared before this Court on August 16, 2007 and was sentenced to consecutive terms of imprisonment of seven (7) to 14 years at the Rape count and one (1) to two (2) years at the Incest charge for an aggregate sentence of eight (8) to 16 years at this information. Timely Post-Sentence Motions were filed and were denied on January 7, 2008. The judgment of sentence was affirmed by the Superior Court on January 12, 2009 and [Brown]'s subsequent Petition for Allowance of Appeal was denied by our Supreme Court on July 7, 2009.

On March 25, 2010, [Brown] filed a pro se [PCRA] Petition. Counsel was appointed to represent [Brown], but after being unable to find any meritorious issues to raise on appeal, filed a Turner "No-Merit" letter and sought permission to withdraw. After granting counsel's request to withdraw and giving the appropriate notice of its intent to do so, this Court dismissed the pro se PCRA Petition without a hearing on July 19, 2010.

No further action was taken until August 19, 2015, when [Brown] filed his second [PCRA] Petition. Suzanne Swan, Esquire was appointed to represent [Brown] and, upon determining that the Petition was untimely, she filed a Turner "No-Merit" letter and sought permission to withdraw. Again, after granting counsel's request to withdraw and giving the appropriate notice of its intent to do so, this Court dismissed the pro se PCRA Petition without a hearing on February 5, 2016.

No direct appeal was taken from this Court's Order of February 5, 2016.[3] Rather, on February 2[6], 2016,

_____

[2] 18 Pa.C.S. §§ 3121, 4302, 3122.1, 4304(a), and 6301, respectively.

[3] Contrary to the PCRA court's belief, Brown did submit a notice of appeal from the February 5, 2016 order. *See* Notice of Appeal, dated 2/21/16. For reasons that do not appear in the record, however, this notice of appeal was not docketed with the PCRA court. "Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general
*(Footnote Continued Next Page)*

[Brown] filed a "Petition for Writ of Habeas Corpus (Motion for Copies of Relevant Trial records to File Response to 'NO-Merit' Letter[])" wherein he sought to have this Court compel attorney Swan to obtain various legal documents for him. That Petition was denied on April 14, 2016.

Opinion, 7/14/16, at 1-3 (original footnotes omitted).

On May 11, 2016, Brown filed a notice of appeal from the PCRA court's April 14, 2016 order. Brown raises the following issues on appeal:

1. Did trial court err[], in failing to conduct an evidentiary hearing of all prior counsel[']s ineffectiveness?

2. Did trial court err[], in running charges consec[u]tive when [Brown] was found guilty by a jury of his peers[?]

3. Did trial court err[], in finding that the petition for PCRA relief, did in fact meet the exception to the time bar rule, and whether, [Brown's] issues support the Lawson standards, of a nunc pro tunc review, [*see Commonwealth v. Story*, 383 A.2d 155 (Pa. 1978)?]

4. Did the trial court along with the clerk of courts and also all prior counsel[] refuse to hand over all criminal records and discovery to [Brown] involved in this case[?] The record supports [Brown's] claim[.]

Brown's Br. at 4 (suggested answers and some capitalization omitted).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the

*(Footnote Continued)* ————————————

rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa.Super. 2007) (citations omitted). Because the notice of appeal from the February 5, 2016 order was timely filed, and because Brown's brief does not address the April 14, 2016 denial of his *habeas corpus* petition, *see supra* note 1, we treat Brown's appeal as an appeal from the February 5, 2016 order.

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Further, "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute." ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). If a claim is "patently frivolous and is without a trace of support in either the record or from other evidence[,]" a PCRA court may decline to hold an evidentiary hearing. ***Id.*** "[O]n appeal[, this Court] must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." ***Id.***

Before we reach the merits of Brown's appeal, we must determine whether his PCRA petition was timely filed.

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Brown's judgment of sentence became final on October 5, 2009 when the time to seek review in the Supreme Court of the United States expired.[4] He had one year from that date, that is, until October 5, 2010, to file a timely PCRA petition. Therefore, his current petition, filed on August 19, 2015 is facially untimely.

Brown's petition remains untimely unless it alleges and proves a PCRA time-bar exception.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

_____

[4] Brown had 90 days from the date the Supreme Court of Pennsylvania denied his petition for allowance of appeal to file a petition for a writ of *certiorari* with the Supreme Court of the United States. **See** U.S. S. Ct. R. 13.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Brown attempts to invoke the time-bar exceptions in 42 Pa.C.S. § 9545(b)(1)(i) and (ii), known as the "governmental interference" and "new facts" exceptions, respectively. However, Brown does not develop any arguments regarding his invocation of the governmental interference exception, resulting in waiver of this claim. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015). Moreover, Brown concedes that he cannot satisfy the new facts exception. *See* Brown's Br. at 16 ("As [Brown]'s supplemental Petition failed to satisfy the exception to the PCRA's jurisdictional time limitation, the PCRA court was without jurisdiction to consider it[]s merits.").

Accordingly, because Brown failed to establish any of the PCRA time-bar exceptions, we conclude the PCRA court properly dismissed his PCRA petition. Moreover, because there were no genuine issues of material fact, we conclude that the PCRA court properly dismissed Brown's petition without an evidentiary hearing.

Order[5] affirmed.


Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2017

---

[5] We do not address Brown's appeal from the April 14, 2016 order denying his petition for *habeas corpus* because the trial court lacked jurisdiction to entertain the appeal given Brown's timely filed but not docketed notice of appeal from the PCRA court's February 5, 2016 order.