J-S05004-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANGEL ULICES MOLINA | : | |
| Appellant | : | |
| | : | No. 19 WDA 2017 |

Appeal from the PCRA Order December 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005565-2006

BEFORE:     OLSON, OTT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 20,2018**

I would vacate the PCRA court's order and remand for an evidentiary hearing.  Accordingly, I respectfully dissent.

> A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.  A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).  "Thus, to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

---

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004). ***See also***
***Commonwealth v. Paddy***, 15 A.3d 431, 467 (Pa. 2011).

In seeking collateral review of his sentence, Appellant claims that his guilty plea was involuntarily entered as a result of plea counsel's advice that he would receive a sentence of 7-14 years of incarceration if he pled guilty instead of proceeding to trial. The PCRA court credited plea counsel's unsworn certification that "she doesn't believe that she would have told [Appellant] that he would likely get a 7-14 year sentence[,]" and denied his PCRA petition without a hearing. Amended PCRA Petition, 8/17/2016, at Exhibit 1. However, I find that Appellant's claim raises a genuine issue of material fact that was not resolvable on the existing record. Thus, he was entitled to an evidentiary hearing.

Accordingly, I would vacate the trial court's order denying the PCRA petition without a hearing, and remand for an evidentiary hearing on Appellant's claim of ineffective assistance of counsel. ***See Commonwealth v. Walls***, 993 A.2d 289, 296–97 (Pa. Super. 2010) ("[W]hen an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [PCRA court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing.").