J-S85039-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| Appellee | |
| v. | |
| AUSTIN O. CARTNEY | |
| Appellant | No. 1239 WDA 2017 |

Appeal from the PCRA Order entered August 16, 2017
In the Court of Common Pleas of Crawford County
Criminal Division at No: CP-20-CR-0000575-2015

BEFORE:   BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED  MARCH 28, 2018

Appellant Austin O. Cartney appeals from the August 16, 2017 order of the Court of Common Pleas of Crawford County, which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. Following his arrest for various sex crimes against a minor, Appellant pleaded guilty to aggravated indecent assault, and two counts of statutory sexual assault.  In exchange, the Commonwealth nolle prossed numerous other charges against him.  On February 19, 2016, the trial court sentenced Appellant to an aggregate term of 30 to 72 months' imprisonment.  Appellant did not file any post-sentence motion.  He did not take a direct appeal.

On February 15, 2017, Appellant timely filed the instant PCRA petition. The trial court ultimately appointed counsel, who filed an amended petition, challenging Appellant's sentence under Alleyne v. United States, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt). Thereafter, following the PCRA court's July 21, 2017 issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, the PCRA court denied Appellant PCRA relief on August 16, 2017. Appellant timely appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[1] Appellant argues only that the PCRA court "erred when it denied [him] PCRA relief by vacating [his] sentencing order and re-sentencing him to significantly less incarceration time based upon the United States Supreme Court's decision in [Alleyne.]" Appellant's Brief at 7. Appellant essentially argues that, although the trial court did not impose a mandatory minimum sentence upon him, Alleyne is "persuasive authority" for the proposition that "sentencing courts should not always sentence defendants in accordance with the states' sentencing guidelines, but instead should place

_____

[1] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." Commonwealth v. Pitts, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

more emphasis upon the nature of the crime or crimes committed and the defendant's background." Id. at 15 (sic).

Preliminarily, we note that Appellant attempts to couch his challenge to the discretionary aspects of his sentence as a legality of sentence issue implicating Alleyne. As the PCRA court noted, and Appellant concedes, Appellant was not subjected to a mandatory minimum sentence here. It is settled that the PCRA does not provide an appellant relief for discretionary aspects of sentence claims. See Commonwealth v. Fowler, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA.") (citations omitted), appeal denied, 944 A.2d 756 (2008); see also Commonwealth v. Jordan, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be review in the context of a direct appeal and cannot be reviewed in the context of the PCRA."); see also 42 Pa.C.S.A. § 9543(a)(2). Therefore, Appellant's claim does not merit relief because it is not cognizable under the PCRA.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2018

- 3 -