J-S48024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                             :
                 v.                            :
                                             :
BRYHEEM DANIELY                      :
                                             :
                 Appellant            :       No. 3508 EDA 2017

Appeal from the PCRA Order October 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003492-2015

BEFORE:    DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:            **FILED SEPTEMBER 17, 2018**

Bryheem Daniely (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On March 28, 2016, Appellant pled guilty to one count each of criminal conspiracy, possessing an instrument of crime, aggravated assault, and robbery of a motor vehicle; in addition, he pled guilty to two counts of robbery.[1] The plea was open with respect to Appellant's sentence. On July 7, 2016, the trial court sentenced Appellant to an aggregate term of six to twelve years of incarceration, followed by five years of probation. Appellant did not file post-sentence motions or a direct appeal.

---

[1] 18 Pa.C.S.A. §§ 903, 907, 2702(a), 3702(a), and 3701(a)(1).

---

* Retired Senior Judge assigned to the Superior Court.

On December 20, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed on April 17, 2017 and filed an amended petition on Appellant's behalf. On September 6, 2017, the Commonwealth filed a motion to dismiss Appellant's PCRA petition, asserting that the petition failed to allege sufficient facts that would entitle Appellant to relief. On September 12, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the Rule 907 notice. On October 17, 2017, the PCRA court dismissed Appellant's petition without a hearing. This timely appeal followed.

On appeal, Appellant states his issue as follows:

I.   Did [the PCRA] court err in denying [A]ppellant an evidentiary hearing when [A]ppellant raised a material issue of fact that trial defense counsel was ineffective in giving [A]ppellant unreasonable advice by advising [A]ppellant to reject the Commonwealth's offer as to the [A]ppellant's guilty plea as a result of which [A]ppellant received a more severe sentence?

Appellant's Brief at 2.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or

sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

Appellant challenges the PCRA court's conclusion that Appellant's trial counsel was not ineffective. Appellant's Brief at 6-8. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If an appellant fails to prove by a preponderance of the evidence any of the three prongs, the Court need not address the remaining prongs of the test. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004).

Instantly, we have reviewed the record and found no merit to Appellant's claim. The Honorable Jeffrey P. Minehart, sitting as the PCRA court, has filed a comprehensive opinion which we adopt and incorporate as our own. Judge Minehart has cogently analyzed Appellant's argument, citing both the record and prevailing legal authority. *See* PCRA Court Opinion, 11/16/17, at 3-7 (concluding that Appellant's PCRA petition was properly dismissed without a hearing because: (1) Appellant failed to attach to his petition any certifications or affidavits supporting his claim of ineffective

- 3 -

assistance of counsel, rendering his petition fatally defective; and (2) Appellant testified at the guilty plea hearing and signed a guilty plea colloquy form indicating that no promises or threats were made to induce him to plead guilty). Accordingly, we adopt the PCRA court's November 16, 2017 opinion as our own, and affirm the order dismissing Appellant's PCRA petition.

The parties are instructed to attach a copy of the PCRA court's November 16, 2016 Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18

Circulated 08/28/2018 02:25 PM

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY    **FILED**
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA    NOV 1 6 2017
CRIMINAL TRIAL DIVISION

Office of Judicial Records
Appeals/Post Trial

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : |
| VS. | : NO.: CP-51-CR-0003492-2015 |
| | : |
| | : |
| BRYHEEM DANIELY | : |

## OPINION

Defendant, Bryheem Daniely, has appealed from the order of October 17, 2017, denying him relief under the Post-Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S. § 9741 *et seq.* By way of background, petitioner was arrested and charged with one count each of robbery of a motor vehicle, aggravated assault, criminal conspiracy, and possessing instruments of crime, generally, and two counts of robbery. These charges arose out of an incident that occurred in January of 2015 during which defendant's co-conspirator April Precha answered an on-line advertisement posted by Matthew Zolna offering a BB gun for sale and said that she wanted to purchase the gun. Precha, who knew Zolna from school told Zolna to meet her at 533 Chew Avenue. Zolna was driven there by his friend Jeff Ganter in Ganter's 2011 Dodge Ram truck, along with Kylie Stedman, Ganter's girlfriend, and her six-year old daughter.

When they arrived at the location named by Precha, Precha asked to inspect the BB gun at which time defendant and Darnell Russell approached the truck and defendant threatened to shoot its occupants unless they vacated the truck. When they did as commanded, Precha, still holding the BB gun, climbed behind the wheel of the truck and

A- 1

Russell climbed into it. After they did so, defendant directed Stedman and her daughter to walk away from the truck and Zolna and Ganter to lie down. When they did so, defendant searched them and took $65.00 from Ganter. He then got into the truck and Precha drove away.

Minutes after the crime occurred, police stopped the truck and after a short pursuit, apprehended defendant and Russell. Police recovered Ganter's money from defendant as well as the BB gun from inside the truck. The victims positively identified both defendants at the scene of their arrests.

On March 28, 2016, defendant appeared before this Court and entered an open guilty plea to the above charges. On July, 7, 2016, defendant received an aggregate sentence of incarceration of six to twelve years followed by a period of probation of five years. Defendant did not file either a post-sentence motion or an appeal.

On December 20, 2016, defendant filed a pro se petition pursuant to the Post-Conviction Relief Act. 42 Pa.C.S. § 9541 *et seq*. Counsel was appointed to represent defendant and on April 17, 2017, counsel filed an amended petition. Upon reviewing the letter and the entire record, including a motion to dismiss filed by the Commonwealth, this Court sent defendant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Defendant did not file a response thereto. On October 17, 2017, this Court issued an order dismissing defendant's PCRA petition. Subsequent thereto, petitioner filed a timely notice of appeal.

In his amended PCRA petition, defendant asserted that he was entitled to an evidentiary hearing on a claim alleging that trial counsel was ineffective for advising defendant not to accept the Commonwealth's plea offer of five to ten years' incarceration

2

in exchange for his guilty plea and let the trial court decide the sentence. Defendant claims that he suffered prejudice because he received a more severe sentence than what was offered to him because of trial counsel's bad advice

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation.

3

Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the

4

outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999). Applying the foregoing to the instant matter, it is clear that none of defendant's claims has merit and it is suggested that no relief be afforded him the reasons set forth below.

To obtain a PCRA remedy, a PCRA petition must allege contain, inter alia, sufficient facts to support each claim raised. Pa.R.Crim.P. 902(A)(12). It is further required that a petition contain affidavits, witness certifications, documents, and/or other support for the facts set forth in the petition. 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(12), (15). In addition, if a petitioner is seeking an evidentiary hearing the petitioner must include, inter alia, signed certificates identifying the witnesses he or she intends to call during the hearing and the evidence the petitioner will present through the witnesses. 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15).

First, this Court dismissed defendant's petition because he failed to attach to his petition any evidence to support his petition or any certifications identifying the witness

5

or witnesses, including trial counsel and himself, he intended to call at an evidentiary hearing and which outlined what he expected those witnesses to say. Defendant's failure to attach said certifications or affidavits rendered his petition fatally defective. See Commonwealth v. Roney, 79 A.3d 595, 606-607 (Pa. 2013) (the failure to attach an affidavit from counsel an explanation as to why one could not be obtained, renders petition deficient with respect to proof that counsel acted unreasonably) (citing Commonwealth v. Marshall, 812 A.2d 539, 548 (Pa. 2002); Commonwealth v. Chmiel, 30 A.3d 1111, 1128 (Pa. 2011) (boilerplate "no reasonable basis" allegation in PCRA petition insufficient to meet burden to prove that counsel was ineffective); Commonwealth v. Colavita, 993 A.2d 874, 895 (Pa. 2010) (failure to present affidavit from prior counsel is generally fatal); see also Commonwealth v. Cousar, 154 A.3d 287, 300 & n.7 (Pa. 2017) (citing Roney and Marshall). It is suggested that appellate relief be denied with respect to this claim for the foregoing reason.

In addition to the foregoing, relief was denied because defendant averred during the guilty plea hearing that no promises or threats were made to him to induce him to plead guilty. (N.T. 3/28/16, 5). He also signed a guilty plea colloquy form wherein he acknowledged that no one had not be promised anything to plead guilty and had not been threatened to plead guilty. The law prohibits a defendant from obtaining relief by saying that he had lied during a guilty plea hearing even if he asserts that counsel induced said lies. Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). In addition, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later asserts grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Id.

6

Because defendant's claim necessarily rests on his asserting that he lied during the guilty plea hearing, no error occurred in denying him PCRA and it is suggested that the order of this Court denying him relief be affirmed.

## CONCLUSION

Based on the foregoing, the order denying defendant PCRA relief should be affirmed.

By the Court,

DATE: 11/14/17

_____
Honorable Jeffrey P. Minehart

A- 7