J-S64042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE CRAIG, | : | |
| | : | |
| Appellant. | : | No. 2111 EDA 2017 |

Appeal from the PCRA Order, June 1, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-1028731-1991.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JANUARY 10, 2019**

Clarence Craig appeals *pro se* from the order denying his serial petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  In 1991, Craig shot the victim in the head killing him.  As part of the police investigation three men, Kerry Ransome, Thomas Brantley, and Levi McWarren, identified Craig as the shooter.  Following his arrest, a jury trial commenced in July of 1992.  At trial all three men recanted their identifications, and the Commonwealth confronted them with their prior signed statements.  McWarren's cousin, Ophelia Yates, testified that McWarren had told her that he had been offered $500 by someone named "Cubie" to deny his identification of Craig as the shooter.  The Commonwealth also introduced evidence that Craig had fired a 9-mm Glock handgun ten months

before, and that the shell casings recovered from that incident matched the four casings recovered from the murder scene.

The jury convicted Craig of first-degree murder and possession of an instrument of crime. After a penalty hearing, trial court sentenced Craig to the mandatory term of life imprisonment. Thereafter, the trial court imposed a consecutive 2 ½ to 5-year term of imprisonment for his possession of an instrument of crime conviction. Craig filed a timely appeal to this Court, and we affirmed his judgment of sentence on March 29, 1995. **Commonwealth v. Craig**, 660 A.2d 651 (Pa. Super. 1995) (unpublished memorandum). On August 10, 1995, our Supreme Court denied Craig's *allocatur* petition. **Commonwealth v. Craig**, 664 A.2d 972 (Pa. 1995).

Subsequently, Craig filed serial PCRA petitions in 1997, 2001, 2006, and 2009. On each occasion, the PCRA court dismissed the petition. In 2010, Craig filed a fifth PCRA petition. This Court has summarized the contents of this petition, as well as the pertinent procedural history regarding its disposition, as follows:

> In this petition, [Craig] acknowledged the PCRA's time bar but alleged that he had established the "after-discovered fact" exception, 42 Pa.C.S.A. section 9545(b)(1)(ii), with a sworn affidavit from Ransome. In this affidavit, Ransome averred that Ophelia Yates falsely testified at [Craig's] trial that Ransome told her that another Commonwealth witness, McWarren, had been bribed to offer perjured testimony supportive of [Craig's] defense. On November 2, 2010, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss [Craig's] latest petition as untimely. [Craig] filed a response to this notice on November 2, 2010. On July 19,

- 2 -

2011, the PCRA court dismissed the petition as untimely, and [Craig] filed a timely appeal to this Court.

In his appeal, [Craig] asserted that the PCRA court erred by failing to properly review his claim regarding his exception to the time bar. In an unpublished memorandum filed on April 2, 2012, this Court agreed with [Craig], vacated the PCRA court's order denying relief, and remanded the case so that the PCRA court could consider [Craig's] claim under the appropriate standard. *Commonwealth v. Craig*, 43 A.3d 466 (Pa. Super. 2012).

Following remand, the PCRA court re-evaluated [Craig's] petition according to the correct standard, and again determined that [Craig's] petition was untimely and did not properly invoke a time-bar exception. On July 17, 2012, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss [Craig's] petition. [Craig] filed a timely response. By order entered August 17, 2012, the PCRA court dismissed [Craig's] petition.

*Commonwealth v. Craig*, 83 A.3d 1055 (Pa. Super. 2013), unpublished memorandum at 4-5.

Craig again appealed the PCRA court's determination to this Court. Craig asserted that the PCRA court erred and ignored our instructions on remand by failing to review his newly discovered facts claim under the proper legal standard. *Id.* at 6. We disagreed, and affirmed the order denying post-conviction relief. *Id.* at 9. On January 21, 2014, our Supreme Court denied Craig's petition for allowance of appeal. *Commonwealth v. Craig*, 84 A.3d 1062 (Pa. 2014).[1]

_____

[1] Prior to filing his petition for allowance of appeal, Craig filed his fifth untimely *pro se* PCRA petition, on August 22, 2013, in which he again alleged the newly-discovered fact exception to the PCRA's time bar based upon an affidavit of a

On February 24, 2016, Craig filed another PCRA petition, in which he alleged a newly-discovered fact. According to Craig, he had only recently discovered that James Bruno, Esquire, who represented him during post-verdict motions and on direct appeal in the 1990s, was suspended from the practice of law by the Pennsylvania Supreme Court on November 13, 2014. On February 22, 2017, the PCRA court sent Pa.R.Crim.P. 907 notice of its intention to dismiss the petition without a hearing. On March 17, 2017, Craig filed a response. By order entered June 1, 2017, the PCRA court dismissed Craig's sixth petition as untimely. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Before addressing the issues Craig raises on appeal, we must first determine if this appeal is properly before us.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). Moreover, a PCRA court may decline

---

fellow inmate, Frank Fluellen. The PCRA did not act on this petition while Craig's petition for allowance of appeal was pending. The PCRA court treated Craig's 2016 filing as a supplement to the 2013 petition, and therefore addressed both. Craig claims that the 2016 filing is a separate PCRA petition, and "had nothing to do with" the 2013 petition. Craig's Brief at 8. Thus, although the PCRA court addressed the Fluellen affidavit, we will limit our review to the dismissal of Craig's 2016 PCRA petition as untimely.

to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that he meets an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[2] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Craig did not seek further review following our Supreme Court's denial of his petition for allowance of appeal on August 10, 1995, his judgment of sentence became final ninety days thereafter, or on November 8, 1995. ***See*** 42 Pa.C.S.A. § 9545(b); U.S.Sup.Ct.R. 13. Because Craig's judgment of sentence became final prior to the effective date of the 1995 amendments to the PCRA, in order to be timely, Craig had to file his first PCRA petition, as well as any subsequent ones, within one year of the effective date, or January 16, 1997. ***See generally***, ***Commonwealth v. Voss***, 838 A.2d 795 (Pa. Super. 2003). As Craig filed the instant petition in 2016, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Craig has failed to plead and prove an exception to the PCRA's time bar. Craig claims that he meets the time-bar exception based upon "newly discovered facts" under 42 Pa.C.S.A. section 9545(b)(1)(ii). According to Craig, he:

> only recently learned about Attorney James S. Bruno's mental disability when he read an article in the Graterfriends new[s]letter. The Graterfriends new[s]letter was received at the Mahanoy prison Law Library on January 9, 2016. In the article, it describes Attorney Bruno's mental illness as a "psychistic [sic] disorder" and says he receives the medication Adderall for it. As a direct result of Attorney Bruno's mental disability, he was found to have committed misconduct in numerous criminal cases which ultimately led

> to his suspension from the practice of law. None of [these] facts were ever made known to [Craig] until he read about them in the [Graterfriends newsletter].

**See** Craig's Brief at 12. Craig further asserts that "upon reading the news of Attorney Bruno's mental disability, [he] promptly filed his PCRA Petition." **Id.** at 13.[3]

Subsection 9545(b)(1)(ii) has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. **Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015) (emphasis in original).

The PCRA court concluded that Craig did not meet this burden:

> Despite formulating his claim in terms of the discovery of new facts not previously known to him, [Craig's] claim, in essence, is challenging prior counsel's effectiveness. **See** [Rule] 907 response, 3/17/17 at 3 ("Attorney Bruno's mental disability is [*per se*] ineffectiveness . . . ."). It is well-settled, however, that claims of ineffective assistance of counsel cannot serve to invoke the "new facts" exception to the PCRA's timeliness requirements. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (stating generally that allegations of PCRA counsel's ineffectiveness do not invoke [the] "new fact" exception to PCRA's time-bar); **see also Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000) (analyzing supposed

---

[3] Although Craig does not provide an exact date when he read the article, it is clear from our review of the record that he filed his PCRA petition within sixty days of the prison's receipt of the newsletter.

> newly discovered evidence claim and recognizing that it actually was a position that prior counsel was ineffective).
>
> Furthermore, because Bruno's mental disorders had no bearing on [Craig's] ability to litigate claims of ineffective assistance, Bruno's diagnosis does not constitute a new fact for purposes of subsection 9545(b)(1)(ii). . . . [Craig's] attempt to resurrect claims of malfeasance by advancing the purported cause of Bruno's misconduct was unavailing.

PCRA Court Opinion, 10/19/18, at 4-5.

Our review of the record supports the PCRA court's conclusions. It is well-settled that "a conclusion that previous counsel was ineffective is not a newly discovered fact entitling [a PCRA petitioner] to the benefit of the time-bar exception for newly-discovered facts. In sum, a conclusion that previous counsel was ineffective is not the type of [newly-discovered fact] encompassed by the exception." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1285 (Pa. 2016) (citation omitted).

There is, however, an exception to this general rule if a PCRA petitioner discovers that prior counsel abandoned him. *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). In such cases, a petitioner can satisfy the newly-discovered fact exception if he files the petition within 60 days of learning of the abandonment. *Id.*

Here, the PCRA court found that the disciplinary action taken against Attorney Bruno more than twenty years after he represented Craig did not constitute ineffectiveness *per se*. *See Commonwealth v. Robinson*, 185 A.2d 1055, 1062 (Pa. Super. 2018) (*en banc*) (discussing PCRA petitioner's newly-discovered fact claim and stating that "it is difficult to perceive the

connection between trial counsel's legal issues which occurred almost a decade later after [the petitioner's] guilty plea and how that fact ultimately matters"); **See also Commonwealth v. Peterson**, 192 A.2d 1123, 1130 (Pa. 2018) (discussing how ineffectiveness of cannot constitute a newly discovered "fact" unless counsel was ineffective *per se*, that is, his or her inaction or malfeasance resulted in the petitioner's complete failure to obtain appellate review).

Moreover, Craig's claim that the PCRA court improperly considered the underlying merits of his "newly discovered fact" is not true. **See** Craig's Brief at 15. In rejecting Craig's newly discovered fact of his prior counsel's disciplinary proceedings, the PCRA court considered the underlying claim only to the extent that the court concluded it did not involve *per se* ineffectiveness. **See Robinson**, 185 A.3d at 1061 (Pa. Super. 2018) ("while **Bennett** and its progeny instruct courts to avoid analyzing the merits of the underlying claim, we believe that principle cannot go as far as to altogether preclude the courts from considering the claim the petitioner seeks to raise in determining whether an evidentiary hearing is warranted"). Our review of the record clearly indicates that Attorney Bruno did not abandon Craig at any time while he represented him.

In sum, for all of the above reasons, the PCRA court correctly denied Craig's sixth PCRA petition. We therefore affirm the PCRA court's order denying Craig post-conviction relief.

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/19