J-S58009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK MCGINNIS | : | |
| | : | |
| Appellant | : | No. 188 WDA 2019 |

Appeal from the PCRA Order Entered January 7, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007327-2011

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 20, 2019**

Frank McGinnis appeals from the denial of his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant raises six claims for relief, four alleging ineffective assistance of counsel, one arguing a claim of after-discovered evidence claim, and one claim of cumulative prejudice. After careful review, we affirm.

Appellant's conviction stems from the events surrounding his assault on Madora Albert, his ex-girlfriend with whom he resided. Upon coming home from work, Appellant grew angry with Albert because she had not cooked him dinner. He then beat her on the front porch of her home, hitting her in the head and face with a heavy furnace pipe, and threatened to kill her. Albert suffered serious injuries including contusions and a broken jaw.

A jury convicted Appellant of aggravated assault, but acquitted him of attempted murder. The trial court, with the benefit of a presentence

investigation report (PSI), applied a deadly weapons enhancement and imposed a standard guideline range sentence of not less than nine nor more than twenty years in prison.

On direct appeal, this Court affirmed Appellant's judgment of sentence, finding there was no merit to his challenges to the sufficiency and weight of the evidence to support his conviction, and that he waived his challenge to the discretionary aspect of his sentence.

Appellant filed a timely *pro se* first PCRA petition. The PCRA court appointed counsel, who filed an amended petition. After giving notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907(1) for lack of merit, the PCRA court dismissed Appellant's petition without a hearing. This timely appeal followed.

Appellant raises six issues on appeal:

I. Whether the PCRA [c]ourt erred in summarily dismissing Appellant's contention that trial counsel was ineffective in failing to investigate and properly cross-examine Commonwealth witnesses and in failing to obtain and present affirmative evidence establishing both that the victim's jaw had been broken on a prior occasion and that fibromyalgia does not result from traumatic injury, where the evidence would have materially impeached the prosecutions sole eyewitness to the assault[?]

II. Whether the PCRA [c]ourt erred in summarily dismissing Appellant's contention that trial counsel was ineffective in failing to secure the 911 call records from the Allegheny County Department of Emergency Services, where those records confirmed that the testimonies of both the police and victim were seriously flawed and unreliable in numerous material respects[?]

III. Whether the PCRA [c]ourt erred in summarily dismissing the claims that trial counsel was ineffective in prejudicially displaying and mishandling a pipe exhibit in the jury's presence and also in

exhibiting to the jury an otherwise unauthenticated, inflammatory, prejudicial and inadmissible photograph purporting to be of the alleged victim which depicted extremely disturbing injuries of an unrecognizable person. And whether Appellant was entitled to an evidentiary hearing and subpoena ability to demonstrate his entitlement to relief[?]

IV. Whether the PCRA [c]ourt erred in summarily dismissing the claims that prior counsel were remiss in failing to object to and to preserve a meritorious challenge to the sentence, which imposed a deadly weapon enhancement without prior notice and which Appellant averred had been imposed outside his presence and only after his sentencing[?]

V. Whether, alternatively, the PCRA [c]ourt erred in summarily denying Appellant's claims that he was entitled to a new trial based upon the after-discovered medical information and 911 call records, where that evidence would have materially impeached the prosecution's sole eyewitness to the assault[?]

VI. Whether the PCRA [c]ourt erred in summarily dismissing the claims that Appellant was entitled to relief based upon the cumulative instances of trial counsel ineffectiveness and the totality of the exculpatory evidence that was unavailable due to trial counsel's ineffectiveness[?]

Appellant's Brief, at 5 (questions reordered for ease of disposition).

To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (internal quotation

marks and citations omitted).

We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or

sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

***Commonwealth v. Johnson***, 179 A.3d 1105, 1113 (Pa. Super. 2018), *appeal denied*, 197 A.3d 1174 (Pa. 2018) (some citations and formatting omitted).

In his first four issues, Appellant argues that he is entitled to relief because of the ineffectiveness of prior counsel.

> To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. ***See Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (1987); ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise.

***Id.*** at 1113-14 (some citations and formatting omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." ***Commonwealth v. Barnett***, 121 A.3d 534, 540 (Pa. Super. 2015) (internal quotation marks and citations omitted).

In his first issue, Appellant claims that trial counsel was ineffective for failing to investigate and cross-examine the victim about allegedly having broken her jaw in the past, and the alleged lack of correlation between the attack and her fibromyalgia. He claims that information that he hoped to elicit on cross-examination would have been enough to raise a reasonable doubt. *See* Appellant's Brief, at 16-25. We disagree.

As the PCRA court aptly notes, Appellant "has not provided any evidence to support his claim that the victim suffered a broken jaw previously, or explain[ed] how this evidence would have been admissible." PCRA Court Opinion, 4/11/19, at 2. Additionally, the Commonwealth's expert witness, the treating physician who testified as to the extent of the victim's injuries, did not include fibromyalgia as an injury resulting from the assault. *See* N.T. Trial, 1/14/13, at 86-101.

Upon review, we conclude that Appellant has not overcome the presumption of counsel's effectiveness. *See Johnson*, 179 A.3d at 1114. Appellant failed to prove that evidence of the victim having broken her jaw in the past existed, or would have been admissible at trial. Accordingly, we conclude that Appellant has not proven that his underlying claim about evidence of the alleged prior broken jaw was of arguable merit. Further, we find meritless Appellant's assertion that counsel should have rebutted the claim of the attack causing fibromyalgia was meritless where the treating physician did not testify it was related to the attack. *See Barnett*, 121 A.3d at 540. Appellant's first issue is meritless.

- 5 -

In his second claim, Appellant contends that trial counsel was ineffective for failing to obtain and enter into evidence the recording from the 911 call that the victim's daughter placed upon arriving at the scene. Specifically, he claims that the call would have shown that the victim obtained her injuries falling down stairs, rather than being hit, and that police interviewed the victim on the day of the attack. **See** Appellant's Brief, at 25-28. We disagree.

Here, the PCRA court explained that the victim's daughter called 911 based on what she heard Appellant and the victim arguing about, not what she had personally witnessed. It further noted that the call records do not indicate that police interviewed the victim and cannot be used to impeach her testimony. Therefore, the court concluded the claim is meritless. **See** PCRA Court Opinion, 4/11/19, at 3.

Upon review, we conclude that the PCRA court's analysis is well supported by the record. **See**, **e.g.**, N.T. Trial, 01/14-15/13, at 65-66 (victim's daughter testifying that she did not see how her mother was injured, and that Appellant told her the injuries were due to a fall). Further, the PCRA court's reasoning, that the call record of the 911 call was insufficient to establish either that the victim injured herself falling down stairs, or that the police interviewed the victim before she was taken to the hospital, is not an error of law or an abuse of discretion. Therefore, the PCRA court did not err in finding that Appellant was unable to establish that his claim had arguable merit. **See** **Barnett**, 121 A.3d at 540. Appellant's second issue is meritless.

In his third claim, Appellant argues that trial counsel was ineffective for mishandling the furnace pipe in evidence, and for inadvertently showing a photo of the victim to the jury. *See* Appellant's Brief, at 32-33. However, Appellant has failed to provide any evidence to support his allegation of ineffectiveness. A review of the trial transcript reveals no instances in which counsel either mishandled a pipe, or showed an inadmissible picture to the jury. *See generally*, N.T. Trial, 01/14-15/13. Nor has Appellant provided a citation to the transcript to support his assertions.

Furthermore, Appellant's argument that the PCRA court erred in not holding a hearing on this issue is meritless.

> It is well settled that [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted). "A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

Instantly, Appellant's claim had no support in the record or other evidence. Accordingly, the trial court did not abuse its discretion when it concluded that there was no genuine issue concerning a material fact and

dismissed Appellant's claim without a hearing. Therefore, Appellant's third issue is meritless.

In his fourth allegation of ineffective assistance of counsel, Appellant claims that counsel was ineffective for failing to preserve a challenge to the application of the deadly weapons enhancement. *See* Appellant's Brief, at 34-36. We disagree.

A challenge to the application of a deadly weapon sentencing enhancement is classified as an attack on the discretionary aspects of the sentence. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*). A court must apply the deadly weapon enhancement when the court determines that an offender used a deadly weapon during the commission of the current offense. *See* 204 Pa. Code § 303.10(a)(2). A "device, implement, or instrumentality capable of producing death or serious bodily injury" constitutes a deadly weapon. *Id.* at § 303.10(a)(2)(iii).

Here, the trial court concluded that the furnace pipe with which Appellant hit his victim in the head and face constituted a deadly weapon. Consequently, the court applied the deadly weapon enhancement. It then imposed an enhanced guideline range sentence. In doing so, the court considered, *inter alia*, the presentence investigation report, Appellant's criminal history, and Appellant's lack of remorse. *See* N.T. Sentencing, 4/10/13, at 2, 14-15.

Upon review, we conclude the court was well within its discretion to apply the enhancement. At trial, the Commonwealth presented evidence that

Appellant had struck the victim in the head with a large iron pipe. **See** N.T., 01/14-15/13, at 29-30. The victim suffered a broken jaw from the attack. **See id.**, at 37. Appellant has failed to prove that if prior counsel had raised a challenge to the discretionary aspects of his sentence concerning the deadly weapon enhancement, he would have been entitled to relief either in the sentencing court or on appeal. Therefore, his fourth claim of ineffective assistance of council is meritless.

In his fifth issue, Appellant claims that he is entitled to relief because of after-discovered evidence. Specifically, he claims that the evidence of medical records and testimony concerning the victim having broken her jaw in the past, together with the call record from the 911 call, constitute after-discovered evidence, which demands a new trial. We disagree.

> Where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Williams**, 215 A.3d 1019, 1024 n.3 (Pa. Super. 2019).

Upon review, we conclude that Appellant's argument is merely an attempt to re-cast his ineffective assistance of counsel claims as a claim of after-discovered evidence. **See** Appellant's Brief, at 29 ("First, this evidence was unavailable at trial because of trial counsel's ineffectiveness in failing to investigate, identify, and obtain this evidence in a timely manner for its use

at trial, even though he had been informed of its existence … well prior to trial"). As his argument itself demonstrates, he cannot prove that the evidence could not have been obtained at or prior to trial through reasonable diligence. Both the victim's medical records and the 911 call records existed at the time of trial, and with reasonable diligence, Appellant could have obtained both. Consequently, Appellant's fifth issue does not merit relief.

Finally, in his sixth issue, Appellant asserts that he is entitled to relief because of the cumulative effects of the aforementioned errors and ineffective assistance. Rather than developing any specific argument for prejudice tied to the facts of this case, however, Appellant merely states "under the unusual circumstances of this case, the cumulative error was highly prejudicial and [Appellant's] claims are meritorious." Appellant's Brief, at 37.

Here, Appellant's four claims of ineffective assistance of counsel were denied based on lack of merit, as were his specific claims of after-discovered evidence, and his challenge to the discretionary aspects of his sentence. There is no basis for a claim of cumulative effects of ineffectiveness where the claims failed on merit or arguable merit. *See Commonwealth v. Sattazahn*, 952 A.2d 640, 671 (Pa. 2008). Consequently, Appellant's final claim merits no relief.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2019